State vs. West.

## No. 14,041.

STATE OF LOUISIANA VS. MATTHEW WEST.

### SYLLABUS.

1. The attempt to rob by violently snatching property, falls within the terms of Section 811 of the Revised Statutes.

2. The attempt to rob is not confined to "cutting or tearing the clothes or thrusting the hand into the pockets." The statute, by the use of the word "otherwise," includes an attempt to rob by violently snatching away the property from the hands of another.

APPEAL from the Criminal District Court, Parish of Orleans.— *Chretien, J.*

*Walter Guion,* Attorney General, *J. Ward Gurley,* District Attorney, and *S. A. Montgomery,* Assistant District Attorney (*Lewis Guion,* of Counsel), for Plaintiff, Appellee.

*Jeremiah J. Foley,* for Defendant, Appellant.

The opinion of the court was delivered by

BREAUX, J. An information was filed, charging the defendant with having feloniously attempted to rob, from the person of Mrs. A. A. Guardia, a pocketbook containing twelve dollars in currency of the United States by attempting to snatch the said purse and contents from her hand, violently and with the felonious intent of stealing and carrying away the amount.

The section of the Revised Statutes 811, which he is charged with having violated, reads as follows: "Whoever shall be found guilty of attempting to rob, from the person of another, money or other property by cutting or tearing the clothes, thrusting the hand into the pockets, or otherwise, though he do not succeed in such attempted robbery, shall, on conviction, be "punished as set forth in the statute."

Defendant, through his counsel, demurred to the information. He also moved for a new trial, and filed a motion in arrest of judgment, which motions were overruled. Defendant was sentenced to the parish prison for six months and three days. From the sentence, he prosecutes this appeal.

The error assigned is that the averments of the information do not sustain the sentence and judgment of the court, for the reason that they do not set forth an attempt to rob from the person, such as cutting or tearing the clothes, or thrusting the hand into the pocket. Learned counsel for the accused argues that the statute does not denounce as an offense the attempt to snatch a purse, and contends that it is directed to the punishment of one who attempts to rob by cutting or tearing the clothes or thrusting the hand into the pockets.

While it is true that the words "snatch violently" are not used in the statute, it remains that its scope has been enlarged by the use of the word "otherwise." The information charges a way of attempting to rob not foreign to the wrong the words of the statute expressly denounce— the offense is of the same kind or class. The charge is the taking of a purse and its contents by force, by violently seizing the hand. There is as much force and violence to be inferred, and the chances of success are as great from the "snatching violently" as in "cutting" or "tearing" "the clothes" and "thrusting the hand into the pocket" as set out in the statute. In State vs. Nelson, 38 Ann. 942, to which counsel directs our attention, the court found that the weapon referred to in the indictment was not a dangerous weapon within the intendment. Having arrived at that conclusion, the indictment was, in consequence, held invalid, for the statute contained the words "other dangerous weapon."

In the case in hand, the crime was committed, if the accused violently snatched the purse as charged. The manner of the attempt was as wrongful and as much against common right as if he had made the attempt by cutting or tearing the clothes or thrusting the hand in the pocket of the one he was attempting to rob, using the words of the statute. The "snatching" is denounced as having been forcible and violent. The law is directed against the taking of property from the person of another against the person's will. The intent of the word "otherwise" as used evidently was to include all similar acts to those denounced, resorted to in the attempt to "rob." The statute includes attempts other than those expressly mentioned by the use of the word, by expressly providing that attempts in a different manner and in another way than in that specifically denounced, shall be subject to punishment, and the information setting out the attempt has not taken it out of the grasp of the statute by charging that it was made by violently snatching the purse. We take it as well settled that an indictment or information will be held good and valid, although the words

of the statute denouncing the crime are not copied, provided words of equivalent meaning and import to those of the statute are used. We think that the information charges the attempt in words of at least equal meaning and import.

The ruling complained of was not illegal or improper. It only remains for us to affirm the sentence and judgment. They are affirmed.