[L. A. No. 1002. Department Two.—January 28, 1902.]

## TOLAND & ANDREWS, Respondents, v. COUNTY OF VENTURA, Appellant.

CRIMINAL LAW—APPOINTMENT IN PLACE OF DISQUALIFIED DISTRICT ATTORNEY.—Under section 1130 of the Penal Code, the power of the superior court to appoint some other attorney at law to perform the duties of the district attorney on the trial of a criminal action only extends to a sudden emergency caused by the unexpected failure of the district attorney to appear, and not to a case of long-standing disqualification, incapable of being removed, and well known to the court for a long period before the time of trial. In the latter case, the power of appointing another attorney is vested in the attorney-general, under section 472 of the Political Code.

APPEAL from a judgment of the Superior Court of Ventura County. D. K. Trask, Judge.

The facts are stated in the opinion of the court.

F. W. Ewing, District Attorney, and Edward M. Selby, for Appellant.

Toland & Andrews, in *pro. per.*, for Respondents.

McFARLAND, J.—The plaintiffs are attorneys at law, and brought this action to recover of defendant five hundred dollars, the value of their legal services rendered in the prosecution of a criminal action. pending in the superior court of Ventura County, entitled People v. Hill, in which the defendant therein was charged with murder. Judgment went for plaintiffs for the amount claimed, and defendant appeals.

The material facts in the case are these: The said case of People v. Hill was first tried in 1898, and defendant therein was convicted; but, on appeal to this court, the judgment was reversed and a new trial ordered. The gentleman who was attorney for the defendant was afterwards elected district attorney of Ventura County, and entered upon the duties of that office on January 1, 1899, and was therefore afterwards disqualified to prosecute said action against his client. About April 16, 1899, the attorney-general of the state, under the provisions of section 472 of the Political Code, employed the respondents herein and another attorney, Orestes Orr, Esq., to prosecute said action. They were substituted as attorneys for the people, and conducted a second trial, which resulted in a disagreement of the jury and their discharge on June 8, 1899. For these services at the second trial respondents and Orr were paid in full by the state of California. On the 21st of August, 1899, the superior court made an order setting the case for a third trial on the 5th of September, 1899; and at the same time—August 21, 1899—made also the following order: "F. W. Ewing, the present district attorney, having heretofore in the trial of this cause acted as the attorney for the defendant, and being therefore disqualified, it is hereby ordered that Toland & Andrews, practicing lawyers at this bar, be and they hereby are appointed to represent the state in all further proceedings herein." Under the latter order respondents took part in the prosecution of the case at the third trial; and for the services thus rendered this action was brought—the supervisors of the county having refused to allow respondents' demand, or any part thereof. There is no dispute as to the value of the services. On the same day on which the respondents were appointed as aforesaid—August 21, 1899—the attorney-general again employed Mr. Orr to prosecute the case, and Orr did so in conjunction with the respondents. As the findings refer in a general way to the averments of the

pleadings, it is somewhat difficult to tell whether the court intended to find that Orr was not employed by the attorney-general to prosecute at the third trial, or that Orr did not attend and prosecute at that trial. If the intention was to so find, such finding was against the evidence. However, the main question in the case arises on the demurrer to the complaint. Waiving the question whether the services of respondents would have been, in any event, a legitimate charge against the county, we do not find any provision of law authorizing the court to make the appointment which constitutes the basis of this action. The authority claimed rests wholly on section 1130 of the Penal Code, which is as follows: "If the district attorney fails to attend at the trial, the court must appoint some attorney at law to perform the duties of the district attorney on such trial." Giving this section as liberal a construction as it will reasonably bear, still it evidently refers only to a sudden emergency caused by the *unexpected* failure of the district attorney to appear, and not to a case of long-standing disqualification, incapable of being removed, and well known to the court for a long period before the time of trial. There might be circumstances under which, perhaps, the court, acting under section 1130, would not be required to wait until the very day of trial before making the appointment; as, for instance, where a few days before the trial the court was informed for the first time of the absence of the district attorney from the state, or of his sudden illness or death. But these instances differ materially from a permanent *disqualification* of the district attorney as in the case at bar, which, as is alleged in the complaint and shown by the evidence, was known to the judge of the court for several months before the date of the order. For such a condition the only provision made by the statute, in addition to the general power of the attorney-general, by himself or deputy, to conduct a criminal prosecution, is that found in section 472 of the Political Code, which is as follows: "Whenever a district attorney in any county of this state shall for any reason become disqualified from conducting any criminal prosecution within such county, the attorney-general may employ special counsel to conduct such prosecution, and the attorney's fee in such case shall be a legal charge against the state." In such a condition the duty of seeing that there is a proper pros-

ecution seems to devolve on the attorney-general; and if the court has any duty in the premises it is to inform the attorney-general of the condition. But it seems clear that such condition does not present a case where "the district attorney fails to attend at the trial" within the meaning of section 1130 of the Penal Code.

The judgment appealed from is reversed.

Henshaw, J., and Temple, J., concurred.