[File No. 6625.]

WARD COUNTY, a Municipal Corporation, Respondent, v. BER-TEL JACOBSON, E. A. Donnelly, H. J. Yuly, E. G. Pierson, and L. W. Toftner, as Members of the Board of County Commissioners of Ward County, The Northwest Agricultural Livestock & Fair Association and Fred M. Brey, as County Auditor of Ward County, Appellants.

(288 N. W. 568.)

Opinion filed November 17, 1939.

*R. A. Ilvedson,* State's Attorney, *B. A. Dickinson,* Assistant State's Attorney, and *Halvor L. Halvorson,* for appellants.

*B. H. Bradford,* for respondent.

MORRIS, J. On February 4, 1938, Hon. John C. Lowe, a judge of the district court, entered an order directing, "That F. F. Wyckoff of Stanley, North Dakota, be and he is hereby appointed under § 3376 of the Compiled Laws of 1913 as such attorney for Ward County with directions to proceed at once with an action for Declaratory Judgment determining the duties, rights and liabilities of Ward County and the County Commissioners thereof with respect to both the Northwest Agricultural Livestock and Fair Association, and the Ward County Fair Association by whatever name called."

Pursuant to this order an action was commenced in the name of Ward county, a municipal corporation, against certain individuals as members of the Board of County Commissioners of Ward county, the Northwest Agricultural Livestock and Fair Association, and Fred M. Brey, as county auditor. The county commissioners answered, setting up, among other things, that the action was brought without authority from Ward county. It is unnecessary for the purposes of this appeal to set forth in detail the causes of action and defenses pleaded by the respective litigants. The answering defendants moved to dismiss the case upon the pleadings. The trial court denied the motion to dismiss, but in his memorandum opinion indicated that one question raised by the motion, namely, the authority of Judge Lowe to make an order directing the institution of the action and appointing an attorney for that purpose, should be certified to the Supreme Court under the provisions of § 7849b1, 1925 Supplement to Compiled Laws. The parties to the action thereupon stipulated for such certification. The trial court then entered its order reciting the facts and order aforesaid and certifying to the supreme court the question, "Did the District Court, Hon. Jno. C. Lowe, Judge, have jurisdiction by ex-parte order to appoint an attorney other than the State's Attorney in Ward County, to bring an action for a Declaratory Judgment determining the duties, rights and liabilities of Ward County and the County Commissioners thereof, with respect to both the Northwest Agricultural Livestock &

Fair Association and the Ward County Fair, by whatever name called?"

Section 3376, N. D. Compiled Laws 1913, as amended by chapter 248, N. D. Session Laws 1915, prescribes the duties of the state's attorney in thirteen subdivisions. We quote the subdivisions pertinent to this case.

"2. Institute proceedings before magistrates for the arrest of persons charged with or reasonably suspected of public offenses, when he has information that such offenses have been committed and for that purpose, when not engaged in criminal proceedings in the district court, must attend upon the magistrates in cases of arrest, when required by them, except in cases of assault and battery and petit larceny, and attend before, and give advice to, the grand jury whenever cases are presented to them for their consideration.

"3. Draw all indictments and informations, defend all suits brought against the state or his county, prosecute all bonds forfeited in the courts of record and all actions for the recovery of debts, fines, penalties and forfeitures accruing to the state or his county."

"9. It is the intention of this article to make the attorney-general, his assistants and the state's attorney the only public prosecutors in all cases civil and criminal, wherein the state, or county, is a party to the action, and that they only shall be authorized and empowered to perform the duties herein set forth, except as hereinafter provided. The attorney-general or his assistants are authorized to institute and prosecute any cases in which the state is a party whenever in their judgment it would be to the best interests of the state so to do, and in case the state's attorney of any county refuses or neglects to perform any of the duties prescribed in subdivisions 2 and 3 of this section, after it has been properly brought to his attention, or when he has information that a public offense has been committed, or that a civil suit in which the state is a party, should be instituted and the fact of such refusal or neglect to perform such duty, and that the action is one that should be prosecuted, has been brought before the judge of the district court in the judicial district having jurisdiction of such action, by affidavit or otherwise, and said judge is satisfied that such action should be prosecuted, and that said state's attorney has failed or neglected to perform his duty, then in that case, he shall request the attorney-gen-

eral or an assistant attorney-general to take charge of such prosecution, or he shall appoint, by an order to be entered upon the minutes of the court, some suitable person, an attorney-at-law, and the person so appointed shall thereupon be vested with all the powers of such state's attorney for that action, but for no other purpose, and the district court shall by order, to be entered in the minutes of the court, fix his fee therefor, which amount shall be allowed by the board of county commissioners and which amount, if so ordered by the court, shall be deducted from the salary of the state's attorney and the person so appointed shall be the only person authorized to proceed therein; provided, however, that nothing herein contained shall prevent the county commissioners of any county, in cases of public importance and with the advice and consent of the state's attorney, employing such additional counsel as may be deemed advisable, to assist the state's attorney, upon such compensation as may be agreed upon; provided, further, that the provisions of this article shall not be construed so as to abridge any of the powers conferred upon the attorney-general, his assistants or the state's attorney, or to relieve them from the infliction of any punishment, fine or forfeiture, for neglect of duty, as prescribed by the provisions of chapter 83 of the Penal Code, commonly known as the prohibition law."

"11. If the board of county commissioners without authority of law orders any money paid as a salary, fees or for any other purpose, and such money has been actually paid, or if any other county officer has drawn any warrant in his own favor or in favor of any other person, without being authorized by the board of county commissioners, or by law, and the same has been paid, the state's attorney is empowered, and it is his duty to institute an action in the name of the county against such person to recover the money so paid and no order of the board of county commissioners therefor is necessary to maintain such action; but when the money has not been paid on such order or warrants, it is the duty of the state's attorney upon receiving notice thereof, to commence an action in the name of the county to restrain the payment of the same, and no order of the board of county commissioners is necessary to maintain such action."

Subdivision 9 vests in the judge of the district court discretionary power to order the institution of actions and appoint an attorney at

law who by such appointment is clothed with all the powers of the state's attorney for the purpose of bringing the action that the judge has ordered instituted. An examination of the statute discloses that this power is not general. In fact, it is a restricted and specific power which can only be exercised in accordance with the provisions of the statute. It is limited to instances wherein the state's attorney of the county refuses or neglects to perform any of the duties prescribed by subdivisions 2 and 3 and those cases wherein the state's attorney has information that a public offense has been committed or that a civil suit in which the state is a party should be instituted. Subdivision 2 deals with public offenses and is not applicable here. This is a civil action. Subdivision 3, in so far as it deals with civil actions, provides that the state's attorney shall prosecute forfeitures of bonds "and all actions for the recovery of debts, fines, penalties and forfeitures accruing to the state or his county." The order in question clearly does not direct the institution of an action that comes within any of the provisions of subdivision 3. It directs the institution of an action for a declaratory judgment determining the duties, rights and liabilities of Ward county with respect to certain matters. Having determined that the civil provisions of subdivision 3 will not support this action, we pass to the further provisions of the same sentence in subdivision 9, wherein the district judge is authorized, under certain conditions, to appoint an attorney to institute "a civil suit in which the state is a party." The plaintiff relies chiefly upon this provision. Counsel argues that Ward county is an arm of the state and that any action brought by Ward county as an arm of the state is brought by the state; citing State ex rel. Ferris Industrial School v. Levy Ct. 1 Penn. (Del.) 597, 43 A. 522. That case deals with the status of a reformatory institution to which appropriations had been made by a county under legislative authority. It was held that such appropriations qualified the institution in question as being one "sustained in whole or in part by the state." Without committing ourselves to the correctness of the holding in State ex rel. Ferris Industrial School v. Levy Ct. supra, we wish to point out that it deals with the effect of appropriations made under legislative authority, while in the case before us we are dealing with the interpretation of the term *state* as used by the legislature in the statute wherein the legislature frequently used the term

*county* as contra-distinguished from the term *state*. In subdivision 3 it is made the duty of the state's attorney to bring actions for the recovery of penalties and forfeitures accruing to "the state or his county." In subdivision 9 the state's attorney is made the public prosecutor of all civil and criminal actions "wherein the state, or county, is a party to the action." In subdivision 11 it is made his duty to bring certain actions in the name of the county. In subdivision 13 he is prohibited from appearing in certain cases "other than for the state or county." From the use of these terms it is implied that the legislature did not intend the word *state* to also embrace the *county*. Conversely it is generally held that a suit against a county is not ipso facto a suit against a state. Smith-Courtney Co. v. Road Comrs. 182 N. C. 149, 108 S. E. 443; Com. v. Wilson, 141 Va. 116, 126 S. E. 220.

It must be borne in mind that we are dealing here with a civil action brought in the name of the county, to procure a declaratory judgment in a matter pertaining to the expenditure of county funds. The specific provision of subdivision 9 now under discussion, deals solely with civil actions, and only those civil actions in which the state is a party. Criminal actions are brought in the name of the state and are prosecuted for violations of state laws. Counties are political subdivisions that may sue and be sued in civil matters.

"The county is a body corporate for civil purposes, and, as such, may sue and be sued." Barrett v. Stutsman County, 4 N. D. 175, 59 N. W. 964.

While counties for some purposes are agencies of the state, they are also established legal entities which have civil rights and liabilities separate and apart from those of the state. A civil suit by the county is not a suit in which the state is a party unless the state is designated as a party or at least has an interest. The fact that the law authorizes a civil suit to be maintained by the state does not necessarily imply that such a suit may be maintained by the county. It does not follow from the fact that a judge is authorized to direct the institution of a civil action in which the state is a party that he may also direct the institution of a civil action in which the county is a party. We, therefore, determine that the use of the word *state* in connection with the bringing of civil actions prescribed by subdivision 9 does not embrace within its meaning the term *county*.

The plaintiff bases a further contention upon subdivision 11 of § 3376, supra, which imposes upon the state's attorney the duty to institute actions to recover county money paid out without authority of law and actions to restrain the unlawful payment of county money. Plaintiff argues that if the state's attorney fails to perform his duty under subdivision 11, the district court must of necessity appoint someone to perform that duty. The plaintiff is in error in this contention. The power of the court to appoint an attorney to act instead of the state's attorney for the purpose of instituting a civil action emanates solely from the statute. There is no inherent power in the court to appoint someone to perform the duties of county o.licials where performance is refused or neglected by such officers. As to civil matters not actually in court, it is only by virtue of the specific provisions of § 3376, supra, that a judge may appoint an attorney to perform duties that the state's attorney neglects or refuses to perform, and his authority to appoint is limited to the provisions of the statute. Subdivision 9 does not mention subdivision 11 or the duties of the state's attorney therein prescribed. The authority of the district court can go no further than the provisions of the statute. Neglect or refusal to perform duties under subdivision 11 gives the district court no authority to supplant the state's attorney.

The district court had no jurisdiction to appoint an attorney other than the state's attorney in Ward county to bring an action for a declaratory judgment determining the duties, rights and liabilities of Ward county with respect to the matters alleged in the complaint. The question certified is answered in the negative.

NUESSLE, Ch. J., and BURKE, CHRISTIANSON, and BURR, JJ., concur.