Michael J. HENNEBRŸ, Plaintiff and Appellant,

v.

Robert HOY, Defendant and Appellee,

and

Donald Cooke, Defendant.

Civ. No. 10502.

Supreme Court of North Dakota.

Dec. 28, 1983.

Michael J. Hennebry, pro se.

Robert G. Hoy, State's Atty., Fargo, pro se.

ERICKSTAD, Chief Justice.

Michael J. Hennebry, appearing pro se, appeals from a summary judgment dismissing his complaint against Cass County State's Attorney Robert G. Hoy. We dismiss the appeal.

While waiting in the basement of city hall to see the Fargo Chief of Police,[1] Hen-

---

1. The purpose of Hennebry's attempted meeting with the Chief of Police is not entirely clear

nebry encountered three Fargo police officers. According to Hennebry, one of the officers told him to "leave or be hauled off to jail." When Hennebry asked what he would be charged with, one of the officers replied, "loitering." Hennebry contends that when he asked to see a copy of the law, a police officer stared into his face, pointed to an exit, and stated: "The law is right outside there." After obtaining the officer's name and badge number, Hennebry left "to avoid violence."

As a result of this incident, Hennebry drafted a criminal complaint purporting to charge Fargo Police Officer B.E. Workman with disorderly conduct and criminal coercion in violation of §§ 12.1–31–01 and 12.1–17–06 of the North Dakota Century Code, respectively. He took the complaint to the Cass County Court where County Judge Donald Cooke allowed Hennebry to sign it, but issued no summons or warrant. Judge Cooke later forwarded the complaint to State's Attorney Hoy. According to Hoy, upon reviewing the allegations contained in the complaint, he was of the opinion that a criminal prosecution of Workman would be "inappropriate." He then returned the criminal complaint to Judge Cooke.

In an undated complaint filed in the Cass County District Court on April 8, 1983, Hennebry brought an action in the nature of mandamus against Hoy and Judge Cooke. Hennebry requested in the complaint that "Defendant Cooke be commanded to issue a summons or warrant against B.E. Workman and that Defendant Hoy be commanded to prosecute B.E. Workman on the charges contained in plaintiff's criminal complaint."

Hoy responded by filing a motion to dismiss pursuant to Rule 12(b)(5) of the North Dakota Rules of Civil Procedure. In an accompanying affidavit, Hoy stated in part:

"4) On January 13, 1983 I received from the Honorable Donald Cooke, Cass County Court Judge, a copy of the 'complaint' drafted and filed by Michael John Hennebry seeking a criminal prosecution of B.E. Workman by the State of North Dakota. I reviewed the contents of that complaint, made inquiries about the substance of the allegations, and declined to authorize a criminal prosecution by this office.

"5) I remain of the opinion that a criminal prosecution of B.E. Workman, based upon the contents of the complaint filed by Michael J. Hennebry, would be inappropriate and contrary to my responsibility to refrain from initiating criminal proceedings against persons whom I reasonably believe have not committed public offenses."

The district court treated the motion as one for summary judgment and granted summary judgment dismissing Hennebry's complaint with prejudice "as against the Defendant Hoy." Judgment of dismissal was entered May 12, 1983, and Hennebry appealed. According to Hennebry, he has not abandoned his suit against Judge Cooke and the matter remains pending in the district court.

■ It is the duty of this Court to dismiss an appeal on our own motion if we conclude that the attempted appeal fails to grant jurisdiction. *City of Riverside v. Smuda*, 339 N.W.2d 768, 769 (N.D.1983); *State v. Jensen*, 333 N.W.2d 686, 689 (N.D. 1983); *In Interest of D.R.J.*, 317 N.W.2d 391, 392 (N.D.1982). Rule 54(b), N.D.R. Civ.P., provides:

"*(b) Judgment Upon Multiple Claims or Involving Multiple Parties.* If more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim, or third-party claim, or if multiple parties are involved, the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express

from the record. However, we were informed through the briefs of the parties and during oral arguments that Hennebry had spoken with the Chief of Police on several occasions and the City Commission in regard to a previous incident involving himself and members of the Fargo police force.

direction for the entry of judgment. In the absence of that determination and direction, any order or other form of decision, however designated, which adjudicates fewer than all of the claims or the rights and liabilities of fewer than all the parties does not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties."

■ In the absence of a Rule 54(b), N.D.R.Civ.P., determination, a decision of the district court, however designated, which fails to adjudicate all claims of all the parties is an interlocutory and nonappealable decision. *Minch v. City of Fargo,* 297 N.W.2d 785, 789 (N.D.1980); *Melland Firestone, Inc. v. Streich,* 226 N.W.2d 141, 142 (N.D.1975). The purpose of this rule is to avoid piecemeal litigation. *Streich, supra.* It is well settled in this State that rules or statutes on procedure will not be modified or applied differently merely because a party not learned in the law is acting pro se. *State v. Gasser,* 306 N.W.2d 205, 208 (N.D.1981), and cases cited therein.

■ The summary judgment dismissing Hoy as a defendant in this case did not constitute an adjudication of Hennebry's claim against Judge Cooke who remains a party defendant and as to whom the case is still pending. The district court did not make the requisite determination that there is no just reason for delay. Therefore, Hennebry's appeal must be dismissed.

However, in the interest of judicial economy, we take this opportunity to comment briefly on Hennebry's major contention that the district court erred in failing to issue a writ of mandamus compelling the State's Attorney to prosecute Officer Workman.

Section 32–34–01, N.D.C.C., provides:

"*32–34–01. By and to whom writ of mandamus issued.*—The writ of mandamus may be issued by the supreme and district courts to any inferior tribunal, corporation, board, or person to compel the performance of an act which the law specially enjoins as a duty resulting from an office, trust, or station, or to compel the admission of a party to the use and enjoyment of a right or office to which he is entitled and from which he is precluded unlawfully by such inferior tribunal, corporation, board, or person."

■ An applicant for a writ of mandamus must show the existence of a legal right to the performance of the particular act sought to be compelled by the writ and the nonavailability of a plain, speedy, and adequate remedy in the ordinary course of law. *Morton County v. Henke,* 308 N.W.2d 372, 375 (N.D.1981); *City of Fargo v. Cass County,* 286 N.W.2d 494, 501 (N.D. 1979); § 32–34–02, N.D.C.C. Because of its very nature, mandamus does not lie to compel a discretionary act. *E.g., Morton County v. Henke, supra; City of Fargo v. Cass County, supra.*

Hennebry claims that Hoy's duty to prosecute Officer Workman in this case emanates from § 11–16–01(2), N.D.C.C., which provides in part that "[t]he state's attorney is the public prosecutor, and shall ... [i]nstitute proceedings before magistrates for the arrest of persons charged with or reasonably suspected of public offenses when he has information that such offenses have been committed, ..."

■ Hennebry has misconceived the duties and responsibilities of a State's Attorney. It is clear from past decisions of this Court that a State's Attorney's "duty" to initiate a prosecution does not arise upon the mere submission of a sworn complaint by a person who feels personally aggrieved by an act of another, but, rather, only upon the State's Attorney's decision, after due inquiry and consideration, that a criminal charge is proper under the circumstances. In arriving at the decision whether or not to initiate a criminal prosecution, the State's Attorney must consider the situation not only from the eyes of a complainant, but in view of the requirement of probable cause and the reasonable probabil-

ity of obtaining a conviction by a jury of citizens from the community.

The necessity for the exercise of sound judgment and discretion by the State's Attorney in the charging process has long been recognized by our Court. In *State v. District Court In and For Ward County*, 70 N.D. 17, 24–25, 291 N.W. 620, 624 (1940), the court stated:

"Under the laws of this State the state's attorney is charged with more important duties than those which formerly were laid upon a prosecuting attorney. The Constitution provides that all criminal offenses may be prosecuted by information, and authorizes the Legislative Assembly to regulate or abolish the grand jury system. N.D.Const. § 8 [currently N.D.Const. art. 1, § 10]. The framers of the Constitution, therefore, contemplated that the state's attorney might, and probably would, be charged with the duty of making inquiry into the facts and circumstances touching public offenses and to institute prosecutions where the inquiry disclosed reasons therefor. Conformable to the constitutional authorization, the Legislature charged the state's attorney with the duty to make such inquiry, and in proper cases to institute prosecutions, and conferred upon him power commensurate with the duty imposed.... It is apparent, therefore, that as to both civil and criminal cases, the state's attorney is vested with important duties requiring the exercise of judgment and discretion. As was said by the Supreme Court of Wisconsin, the office of state's attorney 'is held as a public trust, and the incumbent is charged with the grave responsibilities calling for the exercise of learning in the law and sound judgment.' *Ex parte Bentine*, 181 Wis. 579, 587, 196 N.W. 213, 214, 216."

We further note that *Kittler v. Kelsch*, 56 N.D. 227, 216 N.W. 898 (1927), a case relied upon by Hennebry, is not inconsistent with this approach. In *Kittler, supra*, 56 N.D. at 232, 216 N.W. at 899, the court described State's Attorneys as "quasi judicial officers", and stated that "the law has given to the state's attorney the power to say when a warrant shall issue and when it shall not, and when he decides that the evidence is sufficient it is his duty to institute proceedings as provided in section 3376, C.L. 1913 [currently § 11–16–01, N.D. C.C.], ...."

■ In this case, Hoy stated in an affidavit that he had reviewed the contents of the complaint, had made inquiries about the substance of the allegations, and had arrived at the conclusion that a criminal prosecution would be inappropriate. It is therefore evident that Hoy performed his duty to make inquiry into the facts and circumstances of the situation, and having decided in the exercise of his discretion and professional judgment that a criminal prosecution would be inappropriate, no "duty" to initiate a prosecution arose.[2] This Court has

---

**2.** It is important at this point to note that the present posture of this case does not present a situation in which § 29–09–07, N.D.C.C., becomes applicable. That section provides:

"*29–09–07. Procedure when no information filed.*—If the state's attorney, or other person appointed to prosecute *in any case mentioned in section 29–09–06*, determines that an information ought not to be filed, he shall present to the court a statement in writing setting forth his reasons in fact and in law for not filing an information. Such statement must be filed at and during the term of the court to which the accused is held to appear for trial. The court thereupon must examine such statement, together with the evidence filed in the case, and if, upon such examination, the court is not satisfied with such statement, the state's attorney, or other person appointed to prosecute, must be directed and required by the court to file the proper information and bring the case to trial. If the court does not require that an information be filed and the defendant is not held or wanted to answer for any other crime or public offense, he shall be discharged and his bail exonerated or money deposited refunded to him." [Emphasis added.]

Section 29–09–06, N.D.C.C., speaks of cases in which a defendant already has been "held to answer" at a preliminary examination. Therefore, these statutes do not apply to situations where the initial decision to subject an individual to the criminal justice process has not been made, as is the case here. *See generally* the Court's discussions of § 7984 of the North Dakota Revised Codes of 1899, the predecessor stat-

stated that "where the performance of a legal duty involves the exercise of judgment and discretion the exercise of such judgment and discretion cannot be controlled by mandamus nor can the courts direct the manner in which such discretion should be exercised; ..." *First American Bank & Trust Company v. Ellwein,* 198 N.W.2d 84, 106 (N.D.1972).[3]

We note in passing that we in no manner condone the alleged actions of the police officer in the instant case. However, many incidents occur during our daily lives which, although seemingly rude and irritating to us, do not justify the intervention of the criminal justice system. Some of these mishaps are best dealt with through the electoral process. Lest it be argued that the police officer in this case is not an elected official, his ultimate employer is a governing body the members of which are subject to election.

For the reasons stated in this opinion, the appeal is dismissed.

VANDE WALLE, PEDERSON, GIERKE and SAND, JJ., concur.

---

ute to § 29–09–07, N.D.C.C., in *State v. District Court In and For Ward County,* 70 N.D. 17, 34–36, 291 N.W. 620, 629–630 (1940), and *State v. Lauder,* 11 N.D. 136, 145, 90 N.W. 564, 569 (1902).

**3.** Of course, we do not intend to imply that a State's Attorney's discretion is absolute in the strict sense of the word. Besides possible constitutional limitations upon its exercise [*see Bordenkircher v. Hayes,* 434 U.S. 357, 365, 98 S.Ct. 663, 669, 54 L.Ed.2d 604, 612 (1978) ], the prosecutor's discretion is limited in a practical sense through other avenues of redress the Legislative Assembly has provided. *See, e.g.,* § 11–16–06, N.D.C.C.

Hennebry invites us to explore other relief which might be available to him, including relief under § 11–16–06, N.D.C.C. We decline to do so. The only relief requested by Hennebry in his complaint is an order requiring Hoy to prosecute Officer Workman and an order requiring Judge Cooke to issue a summons or warrant against the officer. The district court in this case did no more than to dismiss the part of the action requesting that Hoy prosecute Workman, and thus the only issue properly presented is whether or not mandamus is appropriate in this instance.