**Gene W. KEIDEL, Plaintiff and Appellant,**

**and**

**Scott J. Keidel, Plaintiff,**

**v.**

**Owen K. MEHRER, Defendant and Appellee.**

**Civ. No. 900312.**

Supreme Court of North Dakota.

Jan. 16, 1991.

Owen K. Mehrer, State's Atty., Dickinson, pro se.

VANDE WALLE, Justice.

Gene W. Keidel appealed from a district court order [1] granting the defendant's motion for judgment on the pleadings and dismissing the complaint. We affirm.

In June 1989, the Stark County Sheriff's Department was called to investigate a dispute between neighboring families. The dispute arose when a fence, owned by Wallace Messmer and bordering his property, was blown on to property owned by the Vernon Keidel family during a severe storm. Messmer and his wife had spent some time attempting to straighten the entangled fence while a portion of the fence remained on the Keidels' property. Vernon Keidel and his sons, Gene and Scott, attempted to remove the fence from their property and, in doing so, allegedly caused further entanglement thus negating the work the Messmers had done on the fence.

Messmer observed the removal of the fence and drove up to the Keidels in his pickup truck. The Keidels fled in their own vehicle and Messmer gave chase on to the Keidels' property. The Keidels eventually stopped and a confrontation ensued. During the confrontation one of the Keidels allegedly kneed Messmer in the groin. Both the Keidels and Messmer indicated to law enforcement officials that they wished to press criminal charges.

The results of the Sheriff Department's investigation were forwarded to the State's Attorney's office. In July 1989, the Keidels contacted Owen Mehrer, Stark County State's Attorney, and again indicated that they wanted criminal proceedings initiated against Messmer. Mehrer informed Vernon Keidel that he would not prosecute and suggested that Keidel consult with private counsel to determine possible civil remedies.

---

1. A judgment consistent with the order was subsequently entered. Therefore, the appeal is properly before us. *Klem v. Greenwood,* 450

N.W.2d 738 (N.D.1990); *Olson v. Job Service North Dakota,* 379 N.W.2d 285 (N.D.1985).

Vernon Keidel then contacted the North Dakota Attorney General's office regarding prosecution of the criminal trespassing charge. Mehrer sent copies of the case file to the Attorney General's office at its request. The Attorney General's office notified Keidel that it could not express an opinion on the merits of the case nor on Mehrer's decision not to prosecute. The Attorney General's office suggested that Keidel consult with a privately practicing attorney.

Vernon Keidel next wrote a letter to Judge Maurice R. Hunke, Stark County District Court, apparently seeking review of Mehrer's decision not to prosecute. At Judge Hunke's request, Mehrer submitted a written report outlining the facts of the case and giving his reasons for not prosecuting. Upon review of Mehrer's report, Judge Hunke informed Keidel that he concurred with the Attorney General's recommendation that Keidel consult with a privately practicing attorney.

Gene and Scott Keidel pursued the matter and filed a document entitled "Complaint with Demand for Writ of Mandamus" in Stark County District Court.[2] The Keidels requested the court to issue a writ of mandamus to compel Mehrer to "perform a ministerial duty under 11–16–01(2) of the NDCC when the undisputed facts clearly show that crimes were committed."[3] Mehrer answered the complaint and filed a motion for judgment on the pleadings. The motion was granted and the complaint was dismissed.

The sole issue raised on appeal is whether Mehrer abused his discretion, as Stark County State's Attorney, in refusing to prosecute Messmer.

▉ A writ of mandamus may be issued "to compel the performance of an act which the law specially enjoins as a duty resulting from an office, trust, or station." NDCC § 32–34–01. A petition for a writ of mandamus will be granted only if the petitioner has a clear legal right to the performance of the act sought to be compelled. *Old Broadway Corp. v. Backes*, 450 N.W.2d 734 (N.D.1990). Mandamus does not lie to compel a discretionary act. *Hennebry v. Hoy*, 343 N.W.2d 87 (N.D. 1983). The issuance of a writ of mandamus is discretionary and this Court will not reverse the trial court's denial of a writ absent an abuse of discretion. *Old Broadway, supra.*

▉ This Court has long recognized the necessity for the exercise of discretion by the State's Attorney in the charging process. *See Hennebry v. Hoy, supra; State v. District Court In and For Ward County*, 70 N.D. 17, 291 N.W. 620 (1940); *Kittler v. Kelsch*, 56 N.D. 227, 216 N.W. 898 (1927). Our decision in *Hennebry* is dispositive of the issue raised on appeal.

In *Hennebry*, the petitioner had drafted a criminal complaint purporting to charge a Fargo police officer with disorderly conduct and criminal coercion. Upon review of the complaint, the State's Attorney decided a criminal prosecution would be inappropriate. The petitioner filed a complaint in district court seeking to compel the

---

**2.** Prior to filing the complaint in state court, the Keidels filed a lawsuit against Mehrer in United States District Court. The lawsuit was dismissed for lack of federal jurisdiction. *See* Order of Chief Judge Patrick A. Conmy, United States District Court, District of North Dakota, Southwestern Division, Civil No. A1–90–061. The dismissal was affirmed on appeal. *See* Judgment, United States Court of Appeals for the Eighth Circuit, No. 90–5183ND.

**3.** Section 11–16–01(2), NDCC, provides:
"The state's attorney is the public prosecutor and shall:

. . . . .

"2. Institute proceedings before magistrates for the arrest of persons charged with or reasonably suspected of public offenses when he has information that such offenses have been committed, and for that purpose, when he is not engaged in criminal proceedings in the district court, he shall attend upon the magistrates in cases of arrests when required by them except in cases of assault and battery and petit larceny."

State's Attorney to prosecute the police officer. The State's Attorney responded by filing a motion to dismiss and submitted an affidavit stating his reasons for refraining from initiating criminal proceedings. The trial court granted the State's Attorney's motion and we upheld the dismissal of the complaint on appeal.

In delivering the opinion of the Court in *Hennebry*, Chief Justice Erickstad discussed the duties and responsibilities of a State's Attorney:

> "It is clear from past decisions of this Court that a State's Attorney's 'duty' to initiate a prosecution does not arise upon the mere submission of a sworn complaint by a person who feels personally aggrieved by an act of another, but, rather, only upon the State's Attorney's decision, after due inquiry and consideration, that a criminal charge is proper under the circumstances. In arriving at the decision whether or not to initiate a criminal prosecution, the State's Attorney must consider the situation not only from the eyes of the complainant, but in view of the requirement of probable cause and the reasonable probability of obtaining a conviction by a jury of citizens from the community." *Hennebry, supra* at 90–91.

It is thus apparent that not every alleged violation of the criminal law is prosecuted even though there may be some evidence to support the allegation. We recognize that there may be less enthusiasm to prosecute when the alleged violation arises out of what appears to be personal animosity between neighbors over a dispute as to the boundary between adjoining tracts or over the maintenance of a fence on a common boundary or for some other reason whose origin is lost or forgotten. We acknowledge the volatility of these personal confrontations and the possibility that unless action is taken they may escalate from a shoving match into a much more serious situation in which actual physical injury or worse results. Nevertheless, it is just such a situation in which the courts must leave to the good judgment of the State's Attorney the decision as to whether or not the confrontation is elevated to the point that criminal action must be instituted. In those instances in which the State's Attorney determines that the confrontation does not merit intervention by way of a criminal prosecution but the parties nevertheless desire vindication for their behavior, a civil remedy is available and may be the better method of settling the controversy. *See State v. Meyer*, 361 N.W.2d 221 (N.D.1985).

In the present case, the record reveals that Mehrer gave due consideration to the Keidel family's grievances. Mehrer stated in a letter to Vernon Keidel that he had reviewed all documents submitted and declined to prosecute Messmer due to the weakness of the case. In a letter to Judge Hunke, Mehrer again stated that he had completely reviewed the case and had declined to prosecute based on the low probability of obtaining a conviction by a jury. In his answer to Keidel's complaint, Mehrer stated that his decision not to prosecute was made upon all relevant facts. In his motion for judgment on the pleadings, Mehrer again stated that a full and complete review of the case was made and again outlined his reasons for declining to prosecute.[4] It is clear that Mehrer complied with discretionary guidelines expressed in *Hennebry*.

Keidel asserts that the decision not to prosecute resulted from Mehrer's vindictive attitude toward the Keidel family after "losing a jury trial against Gene Keidel in September of 1981." Mehrer denies ever having tried a case against Keidel, and there is nothing in the record to substantiate Keidel's assertion. Bare assertions of bad faith will not support a petition to compel performance of a discretionary act.

Because Mehrer made inquiry into the allegations and gave the case full consideration in reaching a decision not to prose-

---

**4.** Although Mehrer did not submit to the district court a sworn affidavit stating his reasons for refraining from prosecution, his signature on the answer to the complaint and on the motion for judgment on the pleadings constitute a certificate by Mehrer that to the best of his knowledge, information, and belief formed after reasonable inquiry, the answer and the motion are well grounded in fact. *See* Rule 11, NDRCivP.

cute, the exercise of his prosecutorial discretion cannot be controlled by mandamus. *See Hennebry, supra.* Therefore, the trial court did not abuse its discretion in denying the petition for writ of mandamus. The judgment of dismissal is affirmed.

ERICKSTAD, C.J., and LEVINE, MESCHKE and GIERKE, JJ., concur.