ROSE CREEK DEVELOPMENT COR-
PORATION, a North Dakota corpora-
tion, and Fred M. Hector and Earlyne
Hector, Plaintiffs and Appellants,

v.

PLAZA DEVELOPMENT GROUP, INC.,
a North Dakota corporation, and Larry
S. Nygard and Richard P. Burns, Defen-
dants and Appellees.

Civ. No. 930238.

Supreme Court of North Dakota.

March 30, 1994.

Dan D. Plambeck, Stefanson, Landberg &
Plambeck, Moorhead, MN, for plaintiffs and
appellants.

David S. Maring, Maring Law Office, Far-
go, for defendants and appellees.

VANDE WALLE, Chief Justice.

Plaintiffs Rose Creek Development Corporation and Fred and Earlyne Hector appeal from a district court order granting a preliminary injunction against plaintiffs, enjoining plaintiffs from breaching a development agreement with the defendants, Plaza Development Group, Inc., Larry S. Nygard and Richard P. Burns, and ordering plaintiffs to transfer property to defendants in accordance with the agreement. We dismiss the appeal.

Plaintiffs Fred and Earlyne Hector are officers and the sole shareholders in plaintiff Rose Creek Development Corporation (Rose Creek); defendants Nygard and Burns are officers and sole shareholders in defendant Plaza Development Group, Inc. (Plaza). The two corporations entered into a development agreement whereby they formed a joint venture known as Rose Creek Associates (the joint venture). The objective of the joint venture was to develop into residential housing approximately 328 acres of land in south Fargo, North Dakota. The development was to surround a golf course, which was constructed on land donated by the Hectors to the Fargo Park District.

The land to be contributed by Rose Creek and Plaza was divided into six numbered "additions". The agreement required the parties to transfer land comprising a particular addition once the joint venture sold, or obtained commitments to purchase, 40% of the lots in that addition.

In accordance with the agreement, Rose Creek transferred to the joint venture land comprising additions one, two, and three. However, Rose Creek has refused to transfer any more property and seeks legal dissolution of the joint venture. Rose Creek and the Hectors contend that defendants have breached the development agreement and have violated fiduciary duties owed to them as joint venturers. Plaza opposes dissolution, counterclaimed against Rose Creek, and sought a temporary injunction against Rose Creek. Plaza's counterclaim includes allegations of breach of contract, breach of fiduciary duty, fraud and misrepresentation, conversion, interference with business relations, and damage to reputation. A trial date has been set for resolution of these issues, pending this appeal.

The district court granted Plaza's motion for a temporary injunction against Rose Creek and, because the joint venture had obtained commitments for 40% of the lots in the sixth addition, ordered plaintiffs to transfer the land comprising the sixth addition to the joint venture. The court further ordered that "Plaintiffs are enjoined from breaching the Development Agreement dated July 12, 1989" and that "Plaintiffs are required to fulfill the duties and obligations owed by them to the joint venture in accordance with the Development Agreement and related joint venture agreements."

The district court certified the order granting the temporary injunction under Rule 54(b), NDRCivP, and this appeal followed. The order did not specify facts justifying certification, but ordered, "this order shall be deemed a final order and ... there is no just reason for delay in entry of a final order." Defendants objected to Rule 54(b) certification at the hearing and, although defendants have not raised the issue on appeal, we consider the propriety of Rule 54(b) certification of the injunction on our own motion. *See Regstad v. Steffes*, 433 N.W.2d 202 (N.D. 1988). "[W]e are not bound by the district court's determination [that 'there is no just reason for delay'] and will make our own review to determine whether the district court abused its discretion in making the certification." *Gissel v. Kenmare Tp.*, 479 N.W.2d 876, 877 (N.D.1992). Rule 54(b) certification may be granted where a party demonstrates that prejudice or hardship will result if certification is denied. *Bulman v. Hulstrand Const. Co., Inc.*, 503 N.W.2d 240 (N.D.1993); *c.f. Fargo Women's Health v. Lambs of Christ*, 502 N.W.2d 536 (N.D.1993) [ordering a preliminary injunction before trial is not reviewable by interlocutory appeal, but when it affects the fundamental interests of the litigants, we may choose to review the order]. Otherwise, our long-standing policy against piecemeal appeals and our lack of authority to issue advisory opinions require that Rule 54(b) certification be denied. *Bulman, supra.*

We do not believe orders pertaining to land are per se certifiable under Rule 54(b). *See, e.g., City of Stamford v. Kovac,* 228 Conn. 95, 634 A.2d 897 (1993) [temporary injunction requiring defendants to perform certain restorative acts on property to prevent impairment of wetlands was not appealable because defendants could be fully compensated by way of monetary relief for expenses in complying with the court's order, should they ultimately prevail]. The record indicates that the land will be sold and developed, regardless of who prevails in the lawsuit. The record contains no indication why money damages would not compensate plaintiffs, should the joint venture develop the land pending outcome of the lawsuit. Rule 54(b) requires a showing of prejudice or hardship, albeit not a showing of irreparable harm. We do not believe that the trial court articulated, nor that the record reflects, hardship or prejudice sufficient to consider this an " 'infrequent harsh case' warranting the extraordinary remedy of an otherwise interlocutory appeal," *Gissel v. Kenmare Tp., supra,* at 877; nor does the injunction affect such fundamental interests of the litigants that we choose to review the injunction notwithstanding the improvidently granted 54(b) certification. *Fargo Women's Health v. Lambs of Christ, supra.*

The appeal is dismissed.

SANDSTROM, NEUMANN, LEVINE and MESCHKE, JJ., concur.