1997 ND 156

Vicki HALLOCK, f/k/a Vicky Mickels,
Plaintiff and Appellee,

v.

Sven MICKELS, Defendant
and Appellant.

Civil No. 970039.

Supreme Court of North Dakota.

Aug. 11, 1997.

Sonja Clapp, Assistant State's Attorney,
Grand Forks, for plaintiff and appellee.

Sven E. Mickels, Portland, pro se.

SANDSTROM, Justice.

[¶ 1] Sven Mickels appeals from a decision of the Grand Forks County District Court finding his child support obligation continued through the summer months even though his daughter had dropped out of high school before the end of the regular school year and turned eighteen the following summer. We reverse, concluding the child was not "enrolled and attending" high school for purposes of continuing child support. Therefore, Mickels' child support obligation ceased for a seven-week period.

I

[¶ 2] Sven Mickels and Vicki Hallock divorced on December 23, 1980. The court granted Hallock custody of their minor child and ordered Mickels to pay $200–per–month child support. On April 26, 1993, the court modified the divorce judgment, increasing child support to $500 per month.

[¶ 3] The child stopped attending high school in April of 1996. During some of the ensuing period, the child took part in a substance abuse program. On June 22, 1996, she turned eighteen years old. Mickels filed a notice of intent to suspend child support payments on June 28, 1996, and withheld child support for seven weeks during July and August of 1996. The State requested a contempt citation, and the district court ordered Mickels to show cause for the arrearage. After a hearing on January 8, 1997, the district court found Mickels should have paid support continuously throughout the summer months, and ordered the arrearage be paid.

[¶ 4] Sven Mickels appeals from the Memorandum Decision of the Grand Forks County District Court of January 28, 1997.[1] The district court had jurisdiction under N.D.C.C. § 27–10–01.3(3). The appeal is timely under N.D.R.App.P. 4(a). This Court has jurisdiction under N.D. Const. Art. VI, § 6, and N.D.C.C. § 28–27–01.

II

[¶ 5] The second amended divorce judgment provided for child support to continue in compliance with N.D.C.C. § 14–09–08.2. Under N.D.C.C. § 14–09–08.2:

"1. A judgment or order requiring the payment of child support until the child attains majority continues as to the child until the end of the month during which the child is graduated from high school or attains the age of nineteen years, whichever occurs first, if:

"a. The child is enrolled and attending high school and is eighteen years of age prior to the date the child is expected to be graduated; and

"b. The child resides with the person to whom the duty of support is owed.

"2. The person to whom the duty of support is owed shall file an affidavit with the district court stating that the requirements of subsection 1 are met."

Mickels argues he is not required to continue child support payments because the child was not attending high school prior to her eighteenth birthday, even though she attended school the following semester. We are asked to decide whether Mickels' child support obligation continued from the time the child turned eighteen until the time she attended school.

[¶ 6] "A trial court's determination as to whether or not contempt has been committed is within its sound discretion, and its decision will not be reversed on appeal absent an abuse of discretion." *Knoop v. Knoop*, 542 N.W.2d 114, 116 (N.D.1996); *Shipley v. Shipley*, 509 N.W.2d 49, 56 (N.D. 1993). " 'A trial court abuses its discretion if it acts in an arbitrary, capricious, or unreasonable manner, or if it misinterprets or misapplies the law.' " *Austin v. Towne*, 1997 ND 59, ¶ 8, 560 N.W.2d 895 (quoting *Filler v. Bragg*, 1997 ND 24, ¶ 9, 559 N.W.2d 225).

[¶ 7] "[A] parent's support obligation generally ends when the child turns [eigh-

---

1. Generally, a memorandum decision is not appealable unless it "demonstrates it was intended to constitute the final order of the court." *American Ins. Co. v. Midwest Motor Express, Inc.*, 554 N.W.2d 182, 183 n. 1 (N.D.1996); *see also Austin v. Towne*, 1997 ND 59, ¶ 7, 560 N.W.2d 895. Because the decision in this case was intended as final, we treat it as a final order.

teen]." *Steffes v. Steffes,* 1997 ND 49, ¶ 17, 560 N.W.2d 888. However, under N.D.C.C. § 14–09–08.2, the child support obligation continues beyond age eighteen if the child is enrolled and attending high school.[2] On June 22, 1996, the child in this case was eighteen years old, and she was not enrolled and not attending school. Under our decision in *Steffes,* support ended at that point.

■ [¶ 8] The district court found "it appears [the child] intended to return to school in the fall of 1996 ... [t]his intention ... is enough to warrant continued child support payments." We disagree, concluding an intention to enroll and attend is not sufficient to warrant continuation of child support payments. The fact the child did attend school in the fall of 1996 is irrelevant. Support does not begin again until the child fulfills the requirements of N.D.C.C. § 14–09–08.2, which include enrollment and attendance. The child was enrolled in and attending high school in late August of 1996. Therefore, Mickels' child support obligation resumed at that time.

■ [¶ 9] Our decision today does not mean an obligor is exempt from paying support anytime school is not in session after the child has reached age eighteen. N.D.C.C. § 14–09–08.2(1) contains no provision suspending payment obligation during regular summer break. Support for a child who has reached majority and is still in high school is unaffected by regular summer breaks. *See Leathers v. Ratliff,* 925 S.W.2d 197, 201 (Ky. App.1996) (support beyond the age of majority continues through summer vacation).

### III

[¶ 10] We conclude the district court misapplied the law in finding Mickels should have paid child support for the entire months of July and August of 1996. Concluding Mickels did not owe support for the seven-week period between the child's eighteenth birthday and the first day she attended school in August of 1996, we reverse.

[¶ 11] VANDE WALLE, C.J., and MESCHKE and MARING, JJ., concur.

NEUMANN, Justice, dissenting.

[¶ 12] I respectfully dissent. The majority has written this opinion as an interpretation of NDCC § 14–09–08.2. I can certainly understand this approach; the trial court's opinion was based at least in part on § 14–09–08.2, and the case was briefed and argued to this court as if the issue were the interpretation of that section. Nevertheless, I would like to suggest § 14–09–08.2 has nothing to do with this case.

[¶ 13] Section 14–09–08.2(1) states, "a judgment or order requiring the payment of child support *until the child attains majority* continues as to the child until the end of the month during which the child is graduated from high school or attains the age of nineteen years, whichever occurs first," provided certain requirements are met. (Emphasis added.) Clearly, the section is intended to change every child support judgment or order that provides only for child support to continue until a child attains majority. It does not, by its language, require that such an amendment be inserted in every existing judgment. It simply applies an automatic blanket modification to all judgments that do not already have such a provision. However, the judgment in this case already has such a provision. By its own language, the Second Amended Judgment provides child support continues "until the child reaches the age of 18 years and graduates from high school, but not past the child's 19th birthday, provided the child lives with the parent to whom child support is owed and is attending high school." Because the Second Amended Judgment in this case is not one that simply requires payment of child support "until the child attains majority," § 14–09–08.2 does not apply. And, because § 14–09–08.2 does not apply, the trial court was not called on to interpret the statute, but rather to apply the language of the Judgment to the facts.

[¶ 14] In order to apply the language of the judgment to the facts of this case, the trial court had to determine whether the parties' child was still "attending high school," as that

---

**2.** N.D.C.C. § 14–09–08.2 also requires the child reside "with the person to whom the duty of support is owed," which is undisputed in this case.

phrase is used in the Judgment, after her eighteenth birthday. In order to make that determination the trial court made a finding of fact, reviewable under the clearly erroneous standard. While I certainly must concede there is plenty of evidence to support a finding that the child was not "attending high school" after her eighteenth birthday, I believe there is also evidence to the contrary, including her mother's act of re-enrolling her while she was still eighteen, to support a finding that she was still attending high school after she turned eighteen. Because there is evidence supporting the trial court's finding that the child was still attending high school, applying the clearly erroneous standard of review, I would affirm.

[¶ 15] William A. Neumann