1999 ND 87

**Walter S. OLSEN, III, Petitioner and Appellant,**

v.

**Allen KOPPY, State's Attorney for Morton County, Respondent and Appellee**

No. 980336.

Supreme Court of North Dakota.

May 19, 1999.

Walter S. Olsen III, pro se, Bismarck, ND.

Brian D. Grosinger, Assistant State's Attorney, Mandan, ND, for respondent and appellee.

NEUMANN, Justice.

[¶ 1] Walter S. Olsen III appeals from an order dismissing his request for appointment of a private attorney to initiate criminal prosecutions against his wife and others. We conclude the order is not appealable. We treat Olsen's attempted appeal as a request for a supervisory writ, which we decline to issue.

[¶ 2] In August 1998, Olsen, who was then incarcerated in the North Dakota State Penitentiary, asked the trial court to appoint a private attorney under N.D.C.C. § 11–16–06, to initiate criminal prosecutions against his wife and two males for adultery and unlawful cohabitation. Olsen alleged he had mailed six letters to the Morton County State's Attorney, Allen Koppy, asking him to initiate those prosecutions, and Koppy had failed to respond to the requests and refused or neglected to do his duty. Olsen claimed the Attorney General's office was biased against him because he had filed criminal charges against two members of that office, and he asked the court to appoint a private attorney to act as state's attorney, to fix attorney's fees for the private attorney, and to order a deduction of the fees from Koppy's salary.

[¶ 3] Koppy responded with his reasons for declining to initiate the prosecutions:

1. [Olsen] is requesting prosecution for Adultery and Unlawful Cohabitation, both Class B misdemeanors. This office is at present prosecuting [Olsen's wife] for a Class C Felony, Assault on a Peace Officer.... In light of a bulging case load and limited resources, coupled with the existing prosecution against [Olsen's wife], prosecution of these misdemeanors is less than prudent.

2. There is no indication that [Olsen] has ever bothered to report these two "heinous" crimes to any law enforcement agency. There is no indication of any investigation whatsoever. [Olsen], a multiple felon, merely makes bald assertions, with claims that co-felons can corroborate the bald assertions.

3. Unlawful cohabitation (NDCC 12.1–20–10) requires proof that the defendants hold themselves out as married. [Olsen's] bald un-investigated statements do not produce such an allegation. Thus, an essential element is missing from the start. One is reluctant to waste limited police resources on such a report.

4. [Olsen's] marriage to the proposed accused, occurred approximately a week in advance of the Petition for Revoca-

tion hearing that is the source of [Olsen's] current incarceration. The proposed accused testified on behalf of [Olsen] at that hearing. This is certainly an astonishing coincidence. Now, even though the undersigned could be jumping to conclusions as to the motivation for this once blessed union now gone sour, the undersigned is nevertheless confident that a jury would jump to the same conclusion, making such a trial an exercise in futility.

5. Further to the subject of futility and coincidence, the proximity in time between the necessity of pursuing this injustice and the revocation of [Olsen's] parole, is also astonishingly close.

6. In much blunter terms, [Olsen] views the proposed accused as first, unable to save him from a revocation of probation. Second, he views her as the cause of his subsequent parole revocation. Then, having the luxury of leisure time afforded by prison life, [Olsen] has plenty of opportunity to prosecute his private agendas. Now, he is calling upon the court to ratify his personal vendetta. [Koppy] asks the court not to permit such ratification.

[¶ 4] The trial court dismissed Olsen's request, concluding "[w]hile the state's attorney's response is unnecessarily sarcastic, it does set out a reasonable and valid basis on which he has exercised [h]is prosecutorial discretion in this matter." The court denied Olsen's request for reconsideration, and he appealed from the order dismissing his request.

[¶ 5] Olsen argues Koppy improperly exercised his prosecutorial discretion in refusing to initiate the prosecutions. Olsen argues N.D.C.C. § 11–16–01(2) requires a state's attorney to prosecute when the facts show an offense or reasonably cause suspicion of an offense. Olsen argues the facts of this case establish his wife committed adultery under N.D.C.C. § 12.1–20–09,[1] and all three proposed defendants were guilty of unlawful cohabitation under N.D.C.C. § 12.1–20–10.[2] Olsen asks us to reverse the trial court's order, to appoint a private attorney to initiate prosecutions against the proposed defendants, and to deduct the private attorney's salary from Koppy's salary.

[¶ 6] Although not raised by either party, we initially consider the procedural posture for our review of this case. *See Kouba v. FEBCO, Inc.*, 1998 ND 171, ¶ 7, 583 N.W.2d 810 (holding right to appeal is jurisdictional and may be considered sua sponte).

[¶ 7] Under N.D. Const. art. VI, § 2 and its predecessors, we have exercised three separate types of jurisdiction: appellate jurisdiction; superintending jurisdiction over inferior courts; and original jurisdiction to issue prerogative writs. *State ex rel. Johnson v. Broderick*, 75 N.D. 340, 356, 27 N.W.2d 849, 858 (1947) (discussing former N.D. Const. §§ 86 and 87). *See* N.D.C.C. § 27–02–04. *See also State ex rel. Heitkamp v. Hagerty*, 1998 ND 122, ¶ 6, 580 N.W.2d 139 (exercising superintending jurisdiction under N.D. Const. art. VI, § 2); *State ex rel. Kusler v. Sinner*, 491 N.W.2d 382, 384–85 (N.D.1992) (exercising original jurisdiction under N.D. Const. art. VI, § 2); *Havener v. Glaser*, 251 N.W.2d 753, 757 (N.D.1977) (recognizing adoption of N.D. Const. art. VI, § 2 has not affected superintending jurisdiction). *See generally* Thomas J. Burke, *The Prerogative Jurisdiction of the Supreme*

---

1. Section 12.1–20–09, N.D.C.C., provides:
   *Adultery.*
   1. A married person is guilty of a class A misdemeanor if he or she engages in a sexual act with another person who is not his or her spouse.
   2. No prosecution shall be instituted under this section except on the complaint of the spouse of the alleged offender, and the prosecution shall not be commenced later than one year from commission of the offense.
   3. The court shall grant immunity from prosecution under this section to a person subject to prosecution under this section who, as part of a divorce, annulment, or separation proceeding, provides information regarding sexual acts with another person.

2. Section 12.1–20–10, N.D.C.C., provides:
   *Unlawful cohabitation.* A person is guilty of a class B misdemeanor if he or she lives openly and notoriously with a person of the opposite sex as a married couple without being married to the other person.

*Court,* 32 N.D.L.Rev. 199 (1956); James Morris, *A Memorandum on Appellate Practice,* 29 N.D.L.Rev. 219 (1953).

[¶ 8] Olsen has attempted to invoke our appellate jurisdiction. Under N.D. Const. art. VI, § 6, our appellate jurisdiction is conferred by law. *See, e.g., Bland v. Commission on Med. Competency,* 557 N.W.2d 379, 384 (N.D.1996) (requiring statutory authorization for appeal).

[¶ 9] Section 28–27–01, N.D.C.C., authorizes appeals from judgments or orders in civil actions or in special proceedings. *See* N.D.C.C. ch. 32–01 (defining civil action as any action other than criminal action and defining criminal action as prosecution by state against person charged with public offense); N.D.C.C. § 32–32–01 (defining special proceedings as writs of certiorari, mandamus, and prohibition). In *Keidel v. Mehrer,* 464 N.W.2d 815, 816 (N.D.1991) and *Hennebry v. Hoy,* 343 N.W.2d 87, 89 (N.D.1983), we considered appeals from orders denying petitions for writs of mandamus. In both cases, petitioners asked trial courts for writs of mandamus requiring elected state's attorneys to initiate criminal prosecutions. Mandamus is a special proceeding under N.D.C.C. § 32–32–01, and an appeal from an order in a special proceeding is explicitly authorized by N.D.C.C. § 28–27–01. Here, Olsen did not ask the trial court for a writ of mandamus requiring Koppy to initiate the prosecutions; rather, Olsen sought appointment of a private attorney under N.D.C.C. § 11–16–06. *Mehrer* and *Hoy* therefore are not germane to the appealability issue.

[¶ 10] Section 28–27–02, N.D.C.C., authorizes appeals from enumerated orders, and we consider the appealability of the order refusing to appoint a private attorney under N.D.C.C. § 11–16–06, which provides, in part:

> If it shall appear, by affidavit or otherwise, to the satisfaction of a judge of the district court of the judicial district in which the county is situated ... that the state's attorney has refused or neglected to perform any of the duties prescribed in subsections 2 through 6 of section 11–16–01 ... the judge shall:
>
> . . . .

2. Appoint an attorney to take charge of such prosecution or proceeding and fix the attorney's fee therefor by an order entered upon the minutes of the court, and the attorney so appointed shall be vested with the powers of the state's attorney for the purposes of that action, but for no other purpose, and shall be the only person authorized to proceed in such action. The fee specified in the order shall be allowed by the board of county commissioners and, if so ordered by the court, the amount of such fee shall be deducted from the salary of the state's attorney.

[¶ 11] In *State ex rel. Clyde v. Lauder,* 11 N.D. 136, 90 N.W. 564 (1902), this Court considered an issue involving the appointment of a private attorney under the predecessor to N.D.C.C. § 11–16–06. There the trial court appointed a private attorney to prosecute a pending criminal action, and, without notice, subsequently ordered a one hundred dollar deduction from the elected state's attorney's salary to pay the private attorney. The elected state's attorney petitioned this Court for a writ of certiorari, seeking review of the trial court's ex parte order deducting money from his salary. The elected state's attorney did not raise an issue about the trial court's authority to appoint a private attorney to continue the prosecution; instead, the issue raised involved the court's authority to issue an ex parte order permitting the deduction.

[¶ 12] This Court annulled the trial court's order, concluding the court exceeded its jurisdiction in issuing an ex parte order permitting the deduction:

> The right to appoint [a private attorney] and to fix his compensation we do not question under the facts in the record to which we have referred, but the naked right to do this furnishes no excuse for an ex parte order, or any order, deducting $100 from the [elected state's attorney's] official salary. No statute permits an appeal from the particular order complained of, and for the substantial injury which necessarily results from such an order, the law, in its ordinary course of administration, affords no plain, speedy, or adequate remedy. In such cases the writ of certio-

rari may be invoked where inferior courts or tribunals have exceeded their jurisdiction.

*Lauder*, 11 N.D. at 148, 90 N.W. at 570.

[¶ 13] This Court held:

[T]he order depleting the salary of the state's attorney is not an appealable order, and that for the injury necessarily resulting from such an order the law in regular course does not afford a remedy which is plain, speedy, and adequate. Hence the writ of certiorari is the proper remedy to bring up such order for review.

*Lauder*, 11 N.D. at 137, 90 N.W. at 565 (Syllabus by the Court).

[¶ 14] In *State ex rel. Ilvedson v. District Court*, 70 N.D. 17, 36, 291 N.W. 620, 630 (1940), this Court issued a supervisory writ vacating a trial court's ex parte order appointing a private attorney to institute proceedings against county officials to recover money. After discussing the trial court's constitutional authority to effectively remove an elected state's attorney and appoint a private attorney to institute the action, this Court concluded the trial court lacked authority to issue an ex parte order:

Assuming, without deciding, that the Legislature may provide for a partial or limited removal of the state's attorney,-removal in so far as the institution and prosecution of one particular action is concerned,-clearly it may not authorize such removal except after notice and hearing. Hence, if the Legislature intended to confer upon the District Judge power to determine whether the state's attorney has refused or neglected to perform his duty, and to order that the state's attorney be deprived of all power and duty as such in connection with the institution and prosecution of a certain action, all without notice to the state's attorney, or opportunity to be heard on the question whether he has refused or neglected to perform his duty, then the statute is manifestly unconstitutional. But, it will not be presumed that the Legislature had any such intention, unless it has clearly expressed such intention in the law itself. The presumption is that the Legislature intended that the removal proceeding which it prescribed should be in accordance with the principle of due process of law.

*Ilvedson*, 70 N.D. at 31, 291 N.W. at 627.

■ [¶ 15] Under both *Lauder* and *Ilvedson*, trial courts' orders issued under the predecessor to N.D.C.C. § 11–16–06 were reviewed by this Court in the context of a request for a supervisory writ, and *Lauder*, 11 N.D. at 137, 90 N.W. at 565 (Syllabus by the Court), explicitly held an order depleting the elected state's attorney's salary was not appealable. The relevant statutory authority for appeals from orders has not changed since *Lauder*. Compare N.D.C.C. § 28–27–02 *with* R.C. 1899, § 5626.[3] We conclude an order under N.D.C.C. § 11–16–06 refusing to appoint a private attorney to initiate a criminal prosecution is not appealable under N.D.C.C. § 28–27–02.

■ [¶ 16] Although Olsen's appeal is not authorized by statute, we consider his attempted appeal as a request for a supervisory writ. *See, e.g., Mitchell v. Sanborn*, 536 N.W.2d 678, 682–83 (N.D.1995).

3. R.C. 1899, § 5626 provided:
*What orders reviewable.* The following orders when made by the court may be carried to the supreme court:
1. An order affecting a substantial right made in any action when such order in effect determines the action and prevents a judgment from which an appeal might be taken.
2. A final order affecting a substantial right made in special proceedings or upon a summary application in an action after judgment.
3. When an order grants, refuses, continues or modifies a provisional remedy or grants, refuses, modifies or dissolves an injunction; when it sets aside or dismisses a writ of attachment for irregularity; when it grants or refuses a new trial or when it sustains or overrules a demurrer.

4. When it involves the merits of an action or some part thereof; when it orders judgment on application therefor on account of the frivolousness of a demurrer, answer or reply; or strikes off such demurrer, answer or reply on account of the frivolousness thereof.
5. Orders made by the district court or judge thereof without notice are not appealable; but orders made by the district court after a hearing is had upon notice which vacate or refuse to set aside orders previously made without notice may be appealed to the supreme court when by the provisions of this chapter an appeal might have been taken from such order so made without notice, had the same been made upon notice.

[¶ 17] Our power to issue supervisory writs is discretionary and cannot be invoked as a matter of right. *Sanborn,* 536 N.W.2d at 682–83; *B.H. v. K.D.,* 506 N.W.2d 368, 372–73 (N.D.1993); *City of Fargo v. Dawson,* 466 N.W.2d 584, 585 (N.D.1991); *Odden v. O'Keefe,* 450 N.W.2d 707, 708 (N.D. 1990). We exercise our supervisory jurisdiction over lower courts rarely to rectify errors or to prevent injustice where no adequate alternative remedies exist. *Sanborn,* 536 N.W.2d at 682–83; *B.H.,* 506 N.W.2d at 372–73; *Dawson,* 466 N.W.2d at 585; *Odden,* 450 N.W.2d at 708. Our jurisdiction to issue supervisory writs is, in a sense, both appellate and original in character, because supervisory proceedings are independent in nature with process directed to a trial court, but our decision reviews the trial court's judicial act. *See* Burke, 32 N.D.L.Rev. at 199–201 (comparing original supervisory jurisdiction and original jurisdiction to issue prerogative writ in publici juris cases).

[¶ 18] Section 11–16–01, N.D.C.C., requires state's attorneys to institute proceedings for the arrest of persons charged with or reasonably suspected of public offenses and to draw all indictments and informations. *See Hoy,* 343 N.W.2d at 90–91. In *Mehrer,* 464 N.W.2d at 816–17, and *Hoy,* 343 N.W.2d at 90–91, we said a state's attorney is ordinarily vested with discretion to initiate criminal prosecutions. *See also Bell v. State,* 1998 ND 35, ¶ 19, 575 N.W.2d 211; *Ilvedson,* 70 N.D. at 24–25, 291 N.W. at 624. In *Hoy,* 343 N.W.2d at 90–91, we said a state's attorney's exercise of discretion must consider the situation not only from the eyes of the complainant, but must also consider the requirement of probable cause and the reasonable probability of obtaining a conviction by a jury of citizens from the community. This Court has recognized, however, a state's attorney's duties must be performed regardless of public sentiment about enforcing certain laws, and a state's attorney may not effectively repeal a law by failing to prosecute a class of offenses. *See In re Voss,* 11 N.D. 540, 546–47, 90 N.W. 15, 18–19 (1902).

[¶ 19] In *Lauder,* 11 N.D. at 145–46, 90 N.W. at 569, we recognized a trial court's decision to appoint a private attorney in criminal proceedings is discretionary. *See also State v. Stepp,* 45 N.D. 516, 521, 178 N.W. 951, 953 (1920). Our analysis of this case effectively involves three tiers of discretion: the state's attorney's discretion to initiate a criminal prosecution; the trial court's discretion to appoint a private attorney in a criminal proceeding; and our discretion to issue a supervisory writ.

[¶ 20] To the extent Koppy argues a state's attorney has discretion not to prosecute one kind of crime, we reject his argument. A prosecutor may not effectively repeal a law by categorically refusing to prosecute one kind of crime. *See Voss,* 11 N.D. at 546–47, 90 N.W. at 18–19. However, Koppy also cites limited prosecutory and investigatory resources, a bulging caseload, the dubious nature of Olsen's marriage, the reasonable probability of not obtaining a conviction, and Olsen's failure to report the events to any law enforcement agency. Those reasons support Koppy's discretionary decision not to initiate these prosecutions and the trial court's decision not to appoint a private attorney to initiate the prosecutions.

[¶ 21] We exercise our supervisory jurisdiction only rarely and cautiously, to rectify errors or to prevent injustice. *See, e.g., Sanborn,* 536 N.W.2d at 682–83. On this record, we decline to exercise our supervisory jurisdiction and issue a supervisory writ.[4]

---

4. This case also does not satisfy the criteria for our exercise of original jurisdiction to issue a prerogative writ. As the name connotes, our original jurisdiction contemplates proceedings initiated in this Court and exists only in cases in which the matter to be litigated is publici juris, wherein the sovereignty of the state, the franchises or prerogatives of the state, or the liberty of its people are directly affected. *See State ex rel. Kusler v. Sinner,* 491 N.W.2d 382, 384 (N.D. 1992); *State ex rel. Spaeth v. Olson ex rel. Sinner,* 359 N.W.2d 876, 877–78 (N.D.1985); *State ex rel. Peterson v. Olson,* 307 N.W.2d 528, 531 (N.D. 1981). *See generally* Burke, 32 N.D.L.Rev. at 200–03. Our authority to exercise original jurisdiction is a discretionary power which cannot be invoked as a matter of right, and we decide on an ad hoc basis whether to exercise our original jurisdiction. *Sinner,* 491 N.W.2d at 384; *Spaeth,* 359 N.W.2d at 878; *Olson,* 307 N.W.2d at 531. We do not exercise original jurisdiction to vindicate private rights, regardless of their importance; rather, the rights of the public must be directly affected. *Sinner,* 491 N.W.2d at 384; *Spaeth,* 359 N.W.2d at 878; *Olson,* 307 N.W.2d at 531. To warrant our exercise of original

[¶ 22] VANDE WALLE, C.J., and MARING, KAPSNER and SANDSTROM, JJ., concur.

jurisdiction, the interests of the state must not be merely incidental, but must be of primary importance and the public, i.e., the community at large, must have an interest or right which may be affected. *Sinner*, 491 N.W.2d at 384; *Spaeth*, 359 N.W.2d at 878; *Olson*, 307 N.W.2d at 531.