2005 ND 36

Joan MANN, Ken Danks d/b/a TEK Industries, Tracy Wilkie, Christa Monette, and other persons similarly situated, Plaintiffs, Appellants and Cross–Appellees

v.

ND TAX COMMISSIONER, Rick Clayburgh, Defendant, Appellee and Cross–Appellant

and

ND Treasurer, Kelly Schmidt, Defendant.

No. 20040174.

Supreme Court of North Dakota.

Feb. 16, 2005.

and seeking a refund of the taxes already paid. The State cross-appealed from the order denying reconsideration of the district court's earlier memorandum opinion and order holding[*] the State may not impose the motor vehicle fuels excise tax on Native Americans in those Indian reservations and issuing a permanent injunction prohibiting collection of the taxes on the reservations. The State also cross-appealed from findings of fact, conclusions of law and order for judgment declaring the tax illegal when imposed on Native Americans in those reservations. Under the circumstances, we conclude we do not have jurisdiction to consider the appeals. We further conclude the exercise of our supervisory jurisdiction is not appropriate under the circumstances. We dismiss the appeals.

Vance Gillette, Minot, N.D., for plaintiffs, appellants and cross-appellees.

Daniel Lucian Rouse (argued), and Robert W. Wirtz (appeared), Special Assistant Attorneys General, Tax Department, Wayne K. Stenehjem (on brief), Attorney General, Office of Attorney General, Bismarck, N.D., for defendant, appellee, and cross-appellant.

KAPSNER, Justice.

[¶ 1] Joan Mann, Ken Danks, doing business as TEK Industries, Tracy Wilkie and Christa Monette ("plaintiffs") appealed from a district court order denying reconsideration of an earlier memorandum opinion and order, and from that earlier memorandum opinion and order dismissing all named plaintiffs except Danks from their action against the State Tax Commissioner and the State Treasurer ("State") seeking a permanent injunction barring imposition of state motor vehicle fuels excise taxes on Native Americans in certain North Dakota Indian reservations

I

[¶ 2] The plaintiffs are Native Americans. Mann is a member of the Three Affiliated Tribes, owns Mann Enterprises, and lives on the Fort Berthold Indian Reservation. Danks is also a member of the Three Affiliated Tribes, owns TEK Industries, and lives on the Reservation. Wilkie and Monette are members of the Turtle Mountain Band of Chippewa Indians and reside on the Turtle Mountain Reservation.

[¶ 3] In August 2003, the plaintiffs sued the State under federal and state law seeking a declaration that it is illegal for the State to impose the 21 cent motor vehicle fuels tax under N.D.C.C. ch. 57–43.1 on fuel they purchased on their respective reservations and demanding a refund of the taxes they had already paid. They also sought to have the action certified as a class action. The State moved to dismiss, alleging insufficient service of process and lack of compliance with the notice-of-claim provision, N.D.C.C. § 32–

12.2–04. The plaintiffs moved for declaratory and injunctive relief and requested a permanent injunction barring imposition of the motor vehicle fuels tax on their reservations. The State responded and argued that the motor vehicle fuels tax could lawfully be imposed on the plaintiffs' Indian reservations under the terms of the Hayden–Cartwright Act, 4 U.S.C. § 104. On January 12, 2004, the district court, in a memorandum opinion and order, rejected the State's argument that the tax was authorized by the Hayden–Cartwright Act, ruled "[a]s a matter of law, the motor fuels tax imposed pursuant to N.D.C.C. § 57–43.1–02 is declared by the Court to be illegally imposed on Native Americans who reside on North Dakota Indian reservations and purchase motor fuel on reservation lands," and granted a permanent injunction prohibiting "collection of the illegal motor fuels tax." The district court dismissed the plaintiffs' federal claims and dismissed, without prejudice, all of the plaintiffs from the action except Danks because he had claimed a refund of taxes paid from the State and was "the only Plaintiff who has complied with N.D.C.C. § 32–12–03." The court reserved the questions on class certification and refunds until a later date.

[¶ 4] On January 23, 2004, the State moved for "reconsideration" of the court's January 12 order, arguing it was "denied the opportunity to file an Answer to the Original Complaint" and was "not given an opportunity to address the merits of their case before the Court." The State also sought a stay of the court's order pending appeal. On January 27, 2004, the plaintiffs also filed a motion for reconsideration challenging the dismissal of the federal claims and of all plaintiffs except Danks. They also moved for refunds and for certification of the class action. On April 29, 2004, the court denied the State's motion for reconsideration, but granted its request for a stay pending appeal. The court also denied the plaintiffs' motion for reconsideration and postponed determination of refunds and class certification. The court consolidated its rulings in "findings of fact, conclusions of law and order for judgment" dated April 29, 2004, and filed on May 7, 2004. Although the document concludes, "LET JUDGMENT BE ENTERED ACCORDINGLY," no judgment has been entered.

[¶ 5] The plaintiffs appealed from the April 29 order denying their motion for reconsideration and from the January 12 memorandum opinion and order dismissing all plaintiffs except Danks. The State cross-appealed from the April 29 order denying its motion for reconsideration and from that part of the April 29 findings, conclusions and order for judgment declaring the tax was illegally imposed.

## II

[¶ 6] We must address the appealability of the district court's orders. Although the State does not challenge the plaintiffs' right to appeal, the plaintiffs argue this Court lacks jurisdiction over the State's appeal.

[¶ 7] The right of appeal is governed solely by statute in this state, and without any statutory basis to hear an appeal, we must take notice of the lack of jurisdiction and dismiss the appeal. *State v. Gohl*, 477 N.W.2d 205, 207 (N.D.1991). In *Dietz v. Kautzman*, 2004 ND 164, ¶ 6, 686 N.W.2d 110, we said:

This Court must have jurisdiction before we can consider the merits of an appeal. *Kostrzewski v. Frisinger*, 2004 ND 108, ¶ 8, 680 N.W.2d 271. In *Gast Constr. Co., Inc. v. Brighton P'ship*, 422 N.W.2d 389, 390 (N.D.1988) (citations omitted), this Court set forth the two-

part test for determining whether jurisdiction over an appeal exists:

> First, the order appealed from must meet one of the statutory criteria of appealability set forth in NDCC § 28–27–02. If it does not, our inquiry need go no further and the appeal must be dismissed. If it does, then Rule 54(b), NDRCivP, must be complied with. If it is not, we are without jurisdiction.

[¶ 8] Only judgments and decrees which constitute a final judgment of the rights of the parties to the action and orders enumerated by statute are appealable. *Lang v. Bank of Steele,* 415 N.W.2d 787, 789 (N.D.1987). An order which "grants, refuses, modifies, or dissolves an injunction or refuses to modify or dissolve an injunction" is appealable under N.D.C.C. § 28–27–02(3). Under N.D.R.Civ.P. 54(b), a district court has authority to enter a final judgment adjudicating fewer than all of the claims or the rights and liabilities of fewer than all of the parties upon "express determination that there is no just reason for delay" and upon "express direction for the entry of judgment." *See Klagues v. Maintenance Eng'g,* 2002 ND 59, ¶ 28, 643 N.W.2d 45. This Court has held that, if there are unadjudicated claims remaining in the district court, an order granting an injunction generally must be certified as final under N.D.R.Civ.P. 54(b) before an appeal may be taken. *See, e.g., Rose Creek Dev. Corp. v. Plaza Dev. Group, Inc.,* 514 N.W.2d 368, 369–70 (N.D.1994). However, compliance with N.D.R.Civ.P. 54(b) is not necessary if the injunctive features of the appealed order "serve an active rather than incidental purpose" and affect fundamental interests of the litigants. *Fargo Women's Health Org. v. Lambs of Christ,* 488 N.W.2d 401, 406 (N.D.1992).

## A

[¶ 9] In this case, the State appealed from that part of the April 29 findings, conclusions and order for judgment declaring the motor vehicle fuels tax could not be imposed on the plaintiffs' Indian reservations and from the April 29 order denying reconsideration of the prior January 12 memorandum opinion and order granting the permanent injunction. This Court has long held that an order for judgment, as distinguished from the judgment itself, is not an appealable order under N.D.C.C. § 28–27–02. *See, e.g., Haugenoe v. Bambrick,* 2003 ND 92, ¶ 1 n. 1, 663 N.W.2d 175; *Brown v. Will,* 388 N.W.2d 869, 870 (N.D.1986); *Kilzer v. Binstock,* 339 N.W.2d 569, 571 (N.D.1983); *Piccagli v. North Dakota State Health Dep't,* 319 N.W.2d 484, 486 (N.D.1982); *Shrock v. Roy,* 111 N.W.2d 703, 704 (N.D.1961); *In re Eaton,* 7 N.D. 269, 273, 74 N.W. 870, 871 (1898). An order for judgment is not appealable because it is not included in the appealable orders specified in N.D.C.C. § 28–27–02, *Kilzer,* 339 N.W.2d at 571, and merely serves as the authority for entry of an appealable judgment. *In re Weber,* 4 N.D. 119, 120, 59 N.W. 523 Syll. 3 (1894). Because an order for judgment requires the subsequent entry of judgment to give it effect, *In Interest of R.A.S.,* 321 N.W.2d 468, 470 (N.D.1982), the district court may change the terms of the order for judgment before judgment is entered. *Lee v. Gulf Oil Exploration and Prod. Co.,* 318 N.W.2d 766, 768 (N.D.1982). A final judgment or order is also necessary for appealability in an injunction action. *See Magrinat v. Trinity Hosp.,* 540 N.W.2d 625, 627 (N.D.1995); *Selland v. Selland,* 494 N.W.2d 367, 368 (N.D.1992); *see also KFGO Radio, Inc. v. Rothe,* 298 N.W.2d 505, 507 (N.D.1980) (involving appeal from judgment rather than order for judgment in injunction action); *Minor v. Building and Constr. Trades Council,* 75 N.W.2d

139, 142 (N.D.1956) (same). Although we treat an appeal from an order for judgment as an appeal from a subsequently entered judgment if one exists, *Haugenoe,* at ¶ 1 n. 1, no consistent judgment has been entered in this case. Therefore, we dismiss the State's appeal from the April 29 findings, conclusions and order for judgment.

[¶ 10] The State also appealed from the district court's April 29 order denying its motion for reconsideration of the court's January 12 memorandum opinion and order granting the permanent injunction. An order denying a motion for reconsideration is appealable if it is "clearly intended to be final." *Austin v. Towne,* 1997 ND 59, ¶ 7, 560 N.W.2d 895. Unlike the findings, conclusions and order for judgment, the order denying the motion for reconsideration does not call for preparation of a judgment and demonstrates it was intended to be the final order of the court on the reconsideration issues. However, there are unadjudicated claims remaining in the district court and the court did not certify this order as final under N.D.R.Civ.P. 54(b).

[¶ 11] We do not view the exception to the N.D.R.Civ.P. 54(b) certification requirement recognized in *Fargo Women's Health* applicable under the circumstances, because an appeal from an order denying reconsideration of a previous order differs significantly from an appeal from the original order. An appeal from an order denying reconsideration does not present this Court with the merits of the original order requested to be reconsidered, but presents for review only whether the district court abused its discretion in deciding the movant either did or did not offer sufficient grounds to reconsider the previous decision. *See Larson v. Larson,* 2002 ND 196, ¶ 12, 653 N.W.2d 869. Here, the State argued in its motion for reconsideration that it was "denied the opportunity to file an Answer to the Original Complaint" and that it was "not given an opportunity to address the merits" of the case. The district court denied the motion, ruling there was "nothing that could be construed as a denial of an opportunity for the State to file an Answer" and "it cannot be said that [the State] did not have an opportunity to argue the case on its merits." The court's order denying the motion for reconsideration is not an order which "grants, refuses, modifies, or dissolves an injunction or refuses to modify or dissolve an injunction" under N.D.C.C. § 28–27–02(3). Consequently, the order has no injunctive features which "serve an active rather than incidental purpose," *Fargo Women's Health,* 488 N.W.2d at 406, and N.D.R.Civ.P. 54(b) certification was required.

[¶ 12] Moreover, even assuming for purposes of argument that the district court had granted N.D.R.Civ.P. 54(b) certification of its order denying the motion for reconsideration, we conclude certification would have been improvidently granted. Certification under N.D.R.Civ.P. 54(b) is available only in the " 'infrequent harsh case' " warranting the extraordinary remedy of an otherwise interlocutory appeal. *Dimond v. State Bd. of Higher Educ.,* 1999 ND 228, ¶ 15, 603 N.W.2d 66. For Rule 54(b) certification to be valid, the party seeking certification must demonstrate that without it prejudice or hardship will result, such that the case's circumstances are " 'unusual and compelling' " or " 'out-of-the-ordinary.' " *Id.* Our decision on the merits of the order denying the motion for reconsideration would not moot the possibility of further proceedings in the district court followed by yet another appeal. *See, e.g., In re Estate of Lutz,* 1999 ND 121, ¶ 3, 595 N.W.2d 590. There are

no unusual or compelling circumstances apparent from the record for granting a Rule 54(b) certification of the order denying the motion for reconsideration.

[¶ 13] We conclude we have no jurisdiction to consider the State's appeal, and we therefore dismiss the appeal.

B

[¶ 14] The plaintiffs appealed from the original January 12 memorandum opinion and order imposing the permanent injunction and dismissing all named plaintiffs except Danks, and from the April 29 order denying their motion for reconsideration. Although a timely motion for reconsideration is treated as a motion to alter or amend the judgment under N.D.R.Civ.P. 59 for purposes of tolling the time period for filing a notice of appeal, *Continental Cas. Co. v. Kinsey,* 499 N.W.2d 574, 582 (N.D.1993), we conclude we lack jurisdiction to consider the plaintiffs' appeal from the January 12 memorandum opinion and order for several reasons.

[¶ 15] First, the January 12 memorandum opinion and order reveals that the district court did not intend this decision to be its final order. Plaintiffs' counsel was "directed to prepare Findings of Fact, Conclusions of Law, Order for Judgment and Judgment consistent with this Memorandum Opinion and present same to the Court within thirty (30) days of the date of this Memorandum Opinion." Although the April 29 findings of fact, conclusions of law and order for judgment were filed on May 7, no consistent judgment appears in the record. The plaintiffs have attempted to appeal from an interlocutory memorandum opinion and order. Memorandum opinions are not appealable. *See Riemers v. Anderson,* 2004 ND 109, ¶ 1 n. 1, 680 N.W.2d 280; *Flattum–Riemers v. Flattum–Riemers,* 2003 ND 70, ¶ 4

n. 2, 660 N.W.2d 558; *Hallock v. Mickels,* 1997 ND 156, ¶ 4 n. 1, 568 N.W.2d 277.

[¶ 16] Second, the district court dismissed all plaintiffs except Danks from the action, "without prejudice," because Danks was the only plaintiff who had complied with N.D.C.C. § 32–12–03, and the dismissal of these plaintiffs is the only aspect of the order challenged on appeal. A dismissal without prejudice is ordinarily not final and appealable unless it has the practical effect of terminating the litigation in the plaintiff's chosen forum or the plaintiff will be barred by the statute of limitations from bringing another action. *Beaudoin v. South Texas Blood & Tissue Ctr.,* 2004 ND 49, ¶ 7, 676 N.W.2d 103. This dismissal without prejudice would neither terminate the litigation in state court nor necessarily bar the action and claim for refunds under the statute of limitations.

[¶ 17] Finally, assuming for purposes of argument that the January 12 memorandum opinion and order was a final judgment, compliance with N.D.R.Civ.P. 54(b) would be required because unadjudicated claims for refunds and for class action certification remain pending in the district court. The dismissal, without prejudice, of all plaintiffs except Danks does not present the "'infrequent harsh case'" warranting the extraordinary remedy of an otherwise interlocutory appeal. *Dimond,* 1999 ND 228, ¶ 15, 603 N.W.2d 66.

[¶ 18] The plaintiffs' attempted appeal from the April 29 order denying the motions for reconsideration fails for the same reasons the State's appeal from the April 29 order is defective. Assuming N.D.R.Civ.P. 54(b) certification had been granted, there are no unusual or compelling circumstances for authorizing an immediate appeal from an order denying reconsideration of a prior interlocutory order dismissing some of the plaintiffs from the action without prejudice.

[¶ 19] We conclude we have no jurisdiction over the plaintiffs' appeal, and we therefore dismiss their appeal.

### III

[¶ 20] This Court may examine a district court decision by invoking our supervisory authority. *See Hilgers v. Hilgers*, 2004 ND 95, ¶ 16, 679 N.W.2d 447. In *Saefke v. Stenehjem*, 2003 ND 202, ¶ 20, 673 N.W.2d 41 (quoting *Olsen v. Koppy*, 1999 ND 87, ¶ 17, 593 N.W.2d 762), we said:

> Our power to issue supervisory writs is discretionary and cannot be invoked as a matter of right. *[Mitchell v.] Sanborn*, 536 N.W.2d [678,] 682–83 [ (N.D. 1995) ]; *B.H. v. K.D.*, 506 N.W.2d 368, 372–73 (N.D.1993); *City of Fargo v. Dawson*, 466 N.W.2d 584, 585 (N.D. 1991); *Odden v. O'Keefe*, 450 N.W.2d 707, 708 (N.D.1990). We exercise our supervisory jurisdiction over lower courts rarely to rectify errors or to prevent injustice where no adequate alternative remedies exist. *Sanborn*, 536 N.W.2d at 682–83; *B.H.*, 506 N.W.2d at 372–73; *Dawson*, 466 N.W.2d at 585; *Odden*, 450 N.W.2d at 708. Our jurisdiction to issue supervisory writs is, in a sense, both appellate and original in character, because supervisory proceedings are independent in nature with process directed to a trial court, but our decision reviews the trial court's judicial act. *See* [Thomas J.] Burke, [*The Prerogative Jurisdiction of the Supreme Court,*] 32 N.D.L.Rev. [ ] 199–201 [ (1956) ] (comparing original supervisory jurisdiction and original jurisdiction to issue prerogative writ in publici juris cases).

[¶ 21] We decline to exercise our supervisory authority to consider the plaintiffs' argument that the district court erred in dismissing, without prejudice, all of them from the action except Danks. Because the plaintiffs may either bring another action, or if not, appeal from a properly entered final judgment, adequate alternative remedies exist to resolve the disputed dismissals. *See Roe v. Rothe–Seeger*, 2000 ND 63, ¶ 5, 608 N.W.2d 289 (declining to exercise supervisory authority where any harm could be remedied in an appeal from an adverse judgment).

[¶ 22] We also decline to exercise our supervisory authority to consider the State's argument that the district court erred in ruling the Hayden–Cartwright Act, 4 U.S.C. § 104, does not authorize imposition of the state motor vehicle fuels tax on Native Americans on their respective reservations. One of the factors we consider in deciding whether to exercise our discretion and grant a supervisory writ is whether the district court has committed an error. *See, e.g., State v. Haskell*, 2001 ND 14, ¶ 4, 621 N.W.2d 358; *Dimond*, 1999 ND 228, ¶ 19, 603 N.W.2d 66; *Olsen*, 1999 ND 87, ¶¶ 20–21, 593 N.W.2d 762. The State concedes that, but for the Hayden–Cartwright Act, it could not collect the motor vehicle fuels tax from enrolled members of the Indian reservations at issue. *See Oklahoma Tax Comm'n v. Chickasaw Nation*, 515 U.S. 450, 459, 115 S.Ct. 2214, 132 L.Ed.2d 400 (1995) ("If the legal incidence of an excise tax rests on a tribe or on tribal members for sales made inside Indian country, the tax cannot be enforced absent clear congressional authorization"). The district court's ruling that the Hayden–Cartwright Act does not authorize imposition of the state motor vehicle fuels tax on Indian reservations is in accord with every federal and state court decision that has addressed the issue. *See Marty Indian Sch. Bd., Inc. v. State of South Dakota*, 824 F.2d 684, 688 (8th Cir.1987) ("we agree with the district court's determination that section

104 does not support the imposition of the state's motor fuel tax on the Marty Indian School"); *Winnebago Tribe of Nebraska v. Kline,* 297 F.Supp.2d 1291, 1304 (D.Kan. 2004) (rejecting argument that Hayden–Cartwright Act "expressly cedes tax jurisdiction to the states on fuel delivered to Indian reservations"); *Prairie Band Potawatomi Nation v. Richards,* 241 F.Supp.2d 1295, 1304 (D.Kan.2003) ("the Hayden–Cartwright Act does not amount to congressional authorization for states to impose fuel tax on fuel delivered to Indian reservations"), *rev'd on other grounds,* 379 F.3d 979 (10th Cir.2004), *petition for cert. filed,* 73 U.S.L.W. 3307 (U.S. Nov. 5, 2004); *Coeur D'Alene Tribe v. Hammond,* 224 F.Supp.2d 1264, 1268 (D.Idaho 2002) (the "Hayden–Cartwright Act is not specific enough to authorize a motor fuels tax on Indian gas stations located in Indian Country"), *aff'd,* 384 F.3d 674 (9th Cir.2004), *petition for cert. filed,* 73 U.S.L.W. 3298 (U.S. Nov. 5, 2004); *Goodman Oil Co. v. Idaho State Tax Comm'n,* 136 Idaho 53, 28 P.3d 996, 1002 (2001) ("It is not unmistakably clear that Congress intended to eliminate the exemption of the Tribes from the taxes the state attempts to impose"), *cert. denied,* 534 U.S. 1129, 122 S.Ct. 1068, 151 L.Ed.2d 971 (2002); *Pourier v. South Dakota Dep't of Revenue,* 658 N.W.2d 395, 399, 404 (S.D.2003) (holding the "language of the statute does not make Congress' intention to allow such taxation 'unmistakably clear'" and that "a corporation owned by the tribe or an enrolled tribal member residing on the Indian reservation and doing business on the reservation for the benefit of reservation Indians is an enrolled member for the purpose of protecting tax immunity"), *cert. denied,* —— U.S. ——, 124 S.Ct. 2400, 158 L.Ed.2d 965 (2004). The risk that the district court committed error in its construction of the Hayden–Cartwright Act is negligible.

[¶ 23] The plaintiffs have conceded that the injunction prohibits collection of the motor vehicle fuels tax only from enrolled Native Americans on their own respective Indian reservations. Although the feasibility of enforcing the injunction prohibiting collection of the motor vehicle fuels tax from Native Americans on their own reservations is questionable, the plaintiffs have indicated they would be satisfied if a refund procedure similar to the procedure provided in N.D.C.C. ch. 57–43.1 were made available to them. We urge the Legislature to address this problem.

[¶ 24] We decline to exercise our supervisory jurisdiction in this case.

### IV

[¶ 25] The appeals are dismissed.

[¶ 26] GERALD W. VANDE WALLE, C.J., MARY MUEHLEN MARING, WILLIAM A. NEUMANN, and DALE V. SANDSTROM, JJ., concur.